UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
Robert Thrower,

   Petitioner,

              REPORT & RECOMMENDATION

    -against-

William Phillips,          04 Civ. 0294 (SCR) (MDF)
Superintendent of Green Haven Correctional
Facility,

   Respondent.
--------------------------------------------------------X

TO: THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.

  Petitioner, Robert Thrower, a persistent violent felony offender and a New York State prisoner currently serving indeterminate sentences of twenty years to life imprisonment, seeks, pro se, a writ of habeas corpus pursuant to 28 U.S.C. §2254 to challenge his November 10, 1999 convictions. In November of 1999, a jury in Westchester County Court (County Court) found Petitioner guilty of criminal possession of stolen property in the third degree (N.Y. Penal Law §165.50) and burglary in the second degree (N.Y. Penal Law §140.25). The County Court (Lange, J.) determined on March 14, 2000 that Petitioner was a Persistent Felony Offender (N.Y. Penal Law §70.08), and sentenced him to two concurrent indeterminate terms of twenty years to life imprisonment. The Appellate Division, Second Department, affirmed the conviction. People v. Thrower, 300 A.D.2d 417, 750 N.Y.S.2d 785 (2d Dep't), lv. denied, 99 N.Y.2d 633, 790 N.E.2d 289, 760 N.Y.S.2d 115 (2003).

BACKGROUND

I. *Facts*

On September 28, 1998, Officer Seit and Sergeant Mansfield of the White Plains Police Department responded to a reported burglary at 157 Greenridge Avenue. The homeowner, Sharon Sommer, had returned home about 1:00 p.m. and noticed that the screen on her kitchen window had been cut or "punched in." The officers found three drawers open in the den and two bedrooms "ransacked." Ms. Sommer reported that a jewelry box containing jewelry and a firebox containing savings bonds, a CD player, and a blue travelling bag were missing.

At 1:55 p.m. the same day, Mary Bae telephoned the White Plains Police Department to report that two people had just left her jewelry store after trying to sell her jewelry and savings bonds that she suspected were stolen. She gave a brief description of the man and woman, including that the man was carrying a dark-colored travelling bag. Shortly after being questioned by Officer Lappell, Ms. Bae called the station again to report that she had just seen the man and woman enter the pizzeria across the street from her store.

Officer Lappell went to the pizzeria and upon entering approached the man and woman who matched Ms. Bae's descriptions. The suspects were later identified as Robert Thrower and Katherine Pickett. The blue overnight bag was sitting on a chair "directly behind" Petitioner, and when asked what was inside it, Petitioner replied that the bag did not belong to him. Officer Lappell responded, "You won't mind if I look in it then." Petitioner again stated that the bag did not belong to him. Officer Lappell then looked in the bag and found containers which held items of jewelry and arrested Petitioner.

After they arrived at the police station, Officer Seit saw the blue travelling bag and,

believing it to match the description of the bag taken from the Sommer house, checked the side pockets where she found savings bonds with Sharon Sommer's son's name. Seit then reported to Lappell that the contents of the bag were proceeds from the Sommer burglary.

Five days prior to the White Plains burglary, on September 23, 1998, Judith Wyer had reported a burglary at her home at 446 Pelhamdale Avenue, Pelham. Ms. Wyer left the house that morning and returned about three hours later. Though it was her usual practice to lock all the doors before leaving home, she could not recall whether on that day the rear sliding glass door to the kitchen was locked or open when she left. However, when she returned, the door was open about five inches. About one hour later, Ms. Wyer noticed that certain personal belongings from around the kitchen were missing, including the handheld receiver of her portable phone, a camera, $40-$60 dollars, and credit cards from a kitchen drawer.

Ms. Wyer called the police, and an officer from Pelham Manor Village Police Department responded. He dusted for fingerprints only on the exterior of the sliding glass door where he found several latent prints. On October 8, 1998 the Westchester County Police identified one set of those prints as belonging to Robert Thrower's left ring and middle fingers. The Wyers did not recognize Mr. Thrower nor had they given him permission to enter their home.

II. *Procedural History*

For the White Plains burglary, Petitioner was indicted for the crimes of burglary in the second degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, and criminal mischief in the fourth degree (Westchester County Indictment Number 98-1529.) For the Pelham burglary, Petitioner was indicted for burglary in the second degree

3

and petit larceny (Westchester County Indictment Number 98-1692.) Upon the People's motion and over Petitioner's objection, the indictments were consolidated for trial. Following a jury trial in County Court, under the indictment for the White Plains burglary, Petitioner was found guilty of criminal possession of stolen property in the third degree, and under the indictment for the Pelham burglary he was found guilty of burglary in the second degree. On March 15th, 2000, Petitioner was sentenced as a persistent violent felony offender to an indeterminate term of imprisonment of twenty years to life for each charge, to run concurrently.

On direct appeal, Petitioner raised the following issues: (1) the state trial court erred in granting the prosecution's motion for joinder of the indictments; (2) the state trial court erred in refusing to suppress the fruits of Petitioner's arrest because the arresting officer lacked probable cause; (3) the state trial court erred in its rulings regarding the prosecution's belated disclosure that they had lost *Rosario* material; (4) the evidence presented was legally insufficient to convict Petitioner of second degree burglary; and (5) the state trial court's failure to deliver a proper jury charge concerning the jury's consideration of circumstantial evidence entitled Petitioner to a new trial.

On December 9, 2002 the New York Supreme Court, Appellate Division, Second Department, affirmed the convictions in a brief order:

> Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt under both indictments beyond a reasonable doubt.
>
> The defendant's remaining contentions are without merit.

Thrower, 300 A.D.2d 417 (citations omitted).

The instant Petition raises the same claims from the direct appeal. Pet. ¶5.

*Ground One*

Petitioner contends that the state trial court's joinder of the indictments for trial violated his due process rights under the Fifth and Fourteenth Amendments. He posits that the conviction of second degree burglary was "the direct result of the improper and prejudicial inferences drawn by the jury from the cumulative effect of the joinder of both cases." Doc. #9 (Traverse at 8). In Petitioner's view, the jury, having heard evidence of his possession of property stolen from a White Plains residence, improperly inferred that he had burglarized the Pelham residence. To the extent that Petitioner bases his claim on the New York Courts' application of N.Y. Crim. Proc. Law §200.20, he complains about an alleged error of state law for which habeas relief is not available. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, the question is only whether the granting of the People's motion to join the indictments violated Petitioner's federal constitutional rights.

"Joinder of offenses rises to the level of a constitutional violation only if it 'actually render[s] petitioner's state trial fundamentally unfair and hence, violative of due process.'" Herring v. Meachum, 11 F.3d 374, 377 (2d Cir.1993), cert. denied, 511 U.S. 1059 (1994) (*quoting* Tribbing v. Wainwright, 540 F.2d 840, 841 (5th Cir.1976), cert. denied, 430 U.S. 910 (1977)); accord Shand v. Miller, 412 F. Supp.2d 267, 270 (W.D.N.Y. 2006). For a petitioner to succeed in showing a violation of due process, he must "go beyond the potential for prejudice and prove that *actual* prejudice resulted from the events as they unfolded during the joint trial." Herring, 11 F.3d at 377-378. In Spencer v. Texas, 385 U.S. 554 (1976) the Supreme Court acknowledged that when criminal indictments are joined, there is a possibility that the jury may use the evidence cumulatively, but said that joinder is "justified on the grounds that (1) the jury

5

is expected to follow instructions in limiting this evidence to its proper function, and (2) the convenience of trying different crimes against the same person...in the same trial is a valid governmental interest." Id. at 562. "Thus, joinder of offenses has long been recognized as a constitutionally acceptable accommodation of the defendant's right to a fair trial." Rolling v. Fischer, No. 05 Civ. 7063 (GWG) (S.D.N.Y. May 2, 2006) (2006 Westlaw 1149615 at *6).

 In this case, the trial judge instructed the jury that:

> Now, even though the cases were tried jointly, the evidence as to each indictment and as to each count is to be considered separately. And your verdict on one indictment or your verdict on any count thereof should not affect your decision as to any of the other counts or the other indictment."

Tr. 2407. This instruction follows the pattern in Herring where the defendant was tried for two unrelated murders at the same trial, and the Second Circuit Court of Appeals found that the instruction had indicated a lack of actual prejudice. 11 F.3d at 378. The state trial court also provided the jurors with separate verdict sheets for the two burglary indictments. Tr. 2408. Significantly, the jury acquitted Petitioner of one burglary and convicted him of the other, tr. 2498-2499, which demonstrates that the jury was able to consider the proof separately as to each burglary.

*Ground Two*

 Because the arresting officer allegedly lacked probable cause, Petitioner claims that the bag and its contents, i.e., property stolen from the White Plains residence, were the fruits of an illegal search and seizure in violation of the Fourth Amendment and should have been suppressed. However, habeas reviews of Fourth Amendment claims are only undertaken if the state either did not provide any corrective mechanism or if the petitioner was precluded from using that mechanism due to an unconscionable breakdown of the underlying process. Capellan

6

v. Riley, 975 F.2d 67, 70 (2d Cir. 1992). Petitioner moved to suppress this evidence pursuant to N.Y. Crim. Proc. Law §710.60, and the state trial court held a hearing and then denied the motion. Resp. Exh. F. at 8 (Petitioner's brief on direct appeal). As a result, Petitioner's claim does not entitle him to federal habeas relief.

*Ground Three*

At trial the prosecution turned over to the defense two items which had been omitted from discovery production, a burglary worksheet prepared by Detective Perrorazio, who had recovered the fingerprints from the Pelham residence and who had interviewed Judith Wyer, and a letter written by Wyer to the police concerning what was missing from her home and that workmen had been in the neighborhood. Perrorazio's notes of the interview, which supported the worksheet, were missing and could not be located even though they had been placed in the police file with the latent fingerprints.

Petitioner contends that the late production of the documents and the loss of the notes violated New York's *Rosario* discovery rule, N.Y. Crim. Proc. Law §240.45. The federal courts in New York have consistently held that "the failure to turn over *Rosario* material is not a basis for habeas relief as the *Rosario* rule is purely one of a state law." Green v. Artuz, 990 F.Supp 267, 274 (S.D.N.Y. 1998); see, e.g., Brown v. McKinney 358 F. Supp.2d 161, 171 (E.D.N.Y. 2005); Morrison v. McClellan, 903 F. Supp 428, 429 (E.D.N.Y. 1995); United States ex rel. Butler v. Schubin, 376 F. Supp. 1241, 1247 (S.D.N.Y. 1974), aff'd, 508 F.2d 837 (2d Cir. 1975).[1] *Ground Four*

---

[1] I have not considered whether the loss of the notes nor the allegedly belated production of the other materials constituted a withholding of allegedly exculpatory material in violation of
(continued...)

At the Wyer home the police recovered two latent fingerprints from the furthest right-hand edge on the exterior of a sliding glass door which led to the kitchen.[2] The location and orientation of the prints on the door as evidenced by a photograph, tr. 1231-1232, support the inference that they had been placed by someone who slid the door open from the inside of the house, i.e., while exiting. Specifically, the prints were recovered from an area which would not have been accessible if the door had been closed at the time the prints were made. The owners of the burglarized premises did not know Petitioner and had never given him permission to enter their home. Tr. 1053, 1106. Petitioner nevertheless contends that the presence of two latent prints on the outside of the door does not support the inference necessary to satisfy the entry element of burglary in the second degree.

In considering a challenge to the sufficiency of the evidence of a state criminal conviction, a federal habeas court looks to state law to determine the elements of the crime and reviews the evidence in the light most favorable to the State. A petitioner is entitled to relief only if no rational trier of fact could find proof of guilt beyond a reasonable doubt based upon the evidence presented at trial. Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002).

The circumstantial evidence favoring the State compels the conclusion that the premises had been burglarized. The homeowner had left the house at 446 Pelhamdale Avenue at about 9:00 or 9:30 a.m. and had returned about two to two and a half hours later. When she returned

---

[1](...continued)
Brady v. Maryland, 373 U.S. 83 (1963) and its progeny because the issue has not been raised in this proceeding and nothing submitted to any of the state courts contains any reference to a federal constitutional claim.

[2]In his brief to the Appellate Division, Resp. Exh. F at 49, Petitioner mistakenly referred to "a latent print."

home, she found that the rear sliding door, which led from the deck into the kitchen, had been opened about five inches. While it was her usual practice to close all of the doors, she could not recall whether she had closed the door on that particular day. She then noticed that items were missing from the kitchen.

After the police arrived, an officer found two latent prints on the furthest right-hand edge of the door. The prints were conclusively determined by expert forensic analysis to be uniquely those of Petitioner with one hundred percent scientific certainty. Tr. 1376, 1389, 1442, 1461. These prints established that Petitioner had been present in a location where he had no legitimate purpose.

In addition to the circumstances which prove burglary and Petitioner's presence, the police demonstrated that the prints were situated on the door so as to indicate that they had been left upon leaving the house. Viewing the evidence in the light most favorable to the State, the unexplained presence of Petitioner's fingerprints situated as they were, along with the open sliding door and the missing phone, camera, credit cards, and cash are sufficient to allow a rational trier of fact to conclude that Petitioner burglarized the premises. See People v. Klein, 156 A.D.2d 385, 548 N.Y.S.2d 337 (2d Dep't 1989) (mem.), lv. denied, 75 N.Y.2d 920, 555 N.Y.S.2d 39 (1990), cert. denied, 498 U.S. 840 (1990); People v. Riddick, 130 A.D.2d 780, 516 N.Y.S.2d 71, 72 (2d Dep't 1987) (mem.); cf. People v. Vasquez, 131 A.D.2d 523, 524, 516 N.Y.S.2d 257 (2d Dep't 1987) (mem.).

*Ground Five*

Finally, Petitioner asserts that a new trial is required because the court failed to deliver a proper jury charge regarding the consideration of circumstantial evidence. "'In order to obtain a

writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law.' *Casillas v. Scully*, 769 F.2d 60, 63 (2d Cir. 1985)...." Sams v. Walker, 18 F.3d 167, 171 (2d Cir. 1994).

Petitioner contends that the trial court's circumstantial evidence charge failed to meet the requirements outlined in People v. Rawlins, 166 A.D.2d 64, 68-69, 569 N.Y.S.2d 635, 638 (1st Dep't 1991) because it failed to instruct the jury that either (a) the circumstantial facts must be proven beyond a reasonable doubt and (b) the evidence excludes every reasonable hypothesis of innocence beyond a reasonable doubt; or (c) the facts must prove Petitioner's guilt to a moral certainty and (d) the inference of guilt flows from the facts proved and is consistent with those facts. The record does not substantiate his complaint.

The state trial court's circumstantial evidence charge met (a) and (b). The court stated:

> First, you have to be satisfied that the people have proven by direct evidence beyond a reasonable doubt each and every one of the collateral facts upon which they rely.

Tr. 2401-2402. This language satisfied the requirement that the circumstantial facts must be proven beyond a reasonable doubt.

The state trial court also told the jury:

> Now, in order for you to find the defendant guilty, therefore, it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the collateral facts proven. And that the evidence excludes beyond reasonable doubt every reasonable hypothesis or inference of innocence.

Tr. 2403. This language satisfied the requirement that the evidence exclude every reasonable hypothesis of innocence beyond a reasonable doubt.

Since the state trial court's jury charge included both elements that Petitioner claimed

were necessary, it did not misstate state law and as a result, Petitioner is not entitled to relief under this ground.

Based upon the foregoing, I respectfully recommend that Your Honor dismiss this petition for writ of habeas corpus.[3]

NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ .P., the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (see Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Stephen C. Robinson, at the United States Courthouse, 300 Quarropas Street, Room 533, White Plains New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Robinson. See Thomas v. Arn, 474 U.S. 140 (1985); Frank v. Johnson, 968 F.2d 298 (2d Cir.), cert. denied 113 S. Ct.

---

[3]The record contains correspondence in which Petitioner requested a stay of proceedings in order to pursue a claim of ineffective assistance of appellate counsel in the state courts. The basis for the application appears to be the belief, instilled after having received the State's papers in opposition to the Petition, that appellate counsel failed to alert the state courts to the federal constitutional aspect or nature of his claims. That failure, if any, has not impeded my consideration of the claims, nor affected my conclusions that Petitioner's claims lack merit. During the pendency of this matter, Petitioner filed a traverse or reply in which he did not revisit this issue and since then has not apprised the Court of the status of his application, if any, in the state courts.

11

Arn, 474 U.S. 140 (1985); Frank v. Johnson, 968 F.2d 298 (2d Cir.), cert. denied 113 S. Ct. 825 (1992); Small v. Secretary of H.H.S., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); Wesolek v. Canadair, Ltd., 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Robinson and should <u>not</u> be made to the undersigned.

Dated: June 28, 2006
White Plains, New York

Respectfully submitted,

_____
Mark D. Fox
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been sent to the following:

Hon. Stephen C. Robinson

Mr. Robert Thrower (00-A-2496)
Eastern Correctional Facility
Box 338
Napanoch, New York, 12458-0338

Jean L. Lizzul, Esq.
Assistant District Attorney
Westchester County Courthouse
111 Dr. Martin Luther King Jr., Blvd.
White Plains, New York 10601